LAWRENCE BREWSTER, Regional Solicitor                    JS-6
BRUCE L. BROWN, Associate Regional Solicitor, WSBA # 18844
EMAIL: brown.bruce.l@dol.gov
MATTHEW L. VADNAL, Trial Attorney, WSBA # 9437
EMAIL:  vadnal.matthew@dol.gov
Office of the Solicitor, U.S. Department of Labor
1111 Third Avenue   Suite 945
Seattle, Washington   98101 - 3212
PHONE:  (206) 553-0940  EX 8054
FAX:  (206) 553-2768

DANIEL CHASEK, Associate Regional Solicitor
California Bar #:   186968
chasek.daniel@dol.gov
Office of the Solicitor, U.S. Department of Labor
350 South Figueroa Street   Suite 370
Los Angeles, California  90071
PHONE:  (213) 894-4980

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of the United States Department of Labor,<br><br>        Plaintiff,<br>    vs.<br><br>FLORENCE CAR WASH, INC., et al.,<br><br>        Defendant (s) | Case No.: CV-09-74  AHM  (CTx)<br><br>**CONSENT JUDGMENT** |

Plaintiff has filed her Complaint and Defendants have appeared and have agreed to the entry of this Order and Judgment without contest. It is, therefore, upon motion of the Parties, and for cause shown:

## I

**ORDERED**, that Defendant Florence Car Wash, Inc., its officers, agents, servants, employees and those persons in active concert or participation with them and Hooman Golian and Sein Neim hereby are permanently enjoined and restrained from violating the provisions of § 15(a)(2) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 201-219), hereinafter called "the Act," in the following manners:

**Defendants shall not**, contrary to § 6 of the Act, employ any employees engaged in commerce, or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, at an hourly rate less than the federal minimum wage, and

**Defendants shall not**, contrary to § 7 of the Act, employ any employees engaged in commerce, or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless the employee receives compensation for his/her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he/she is employed, and

**Defendants shall not**, contrary to § 11 of the Act, fail to make, keep and preserve records of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations duly promulgated under said § 11(c) at 29 C.F.R. Part 516.

II

**IT IS FURTHER ORDERED** that the Plaintiff recover from Defendants the sum of $86,000.00 in minimum wage and overtime back wages for Defendants' employees as listed and allocated in the attached Exhibit A.   Payment shall be by certified check made payable to the U.S. Department of Labor. Defendants shall be responsible for computing and paying all relevant employer payroll taxes including applicable federal, state or local taxes.  Defendants shall deliver payments to:

>   **U.S. Department of Labor**
>   **Wage Hour Division**
>   **100 North Barranca Avenue, #850**
>   **West Covina, California  91791**

Within 60 days of the date that the Court signs this Consent Judgment, the employer will deliver a certified check for $30,000.00 payable to the "Department of Labor – Wage - Hour" to the above said address.  The remaining balance, plus 4% interest on the declining balance, shall be paid in 24 monthly payments beginning 90 days after the Court signs this Consent Judgment.  All checks will include the case name <u>Solis v. Florence Car Wash, Inc. and Hooman Golian and Sein Neim, individuals</u>, U.S.D.C. for the Central District of California, CV-09-74 AHM (CTx) and the employer's tax identification number.  **Payments shall be by certified check in the total net amount and shall be accompanied by a list of the employees for whom the check represents back wage payment, their Social Security Numbers (if known), and the legally required employer deductions made from the amounts due.**  Defendants may pay the remaining balance in full at any time with no additional penalty or interest.  If there is a default in the payment of the checks of more than 15 days after the date due, the remaining

balance will be immediately due in full, and the Defendants will pay an additional 10% penalty on the remaining balance to the Plaintiff.

Defendants further agree to pay $4,000.00 in civil money payments. Payment shall be by certified check payable to the U.S. Department of Labor, Wage Hour Division, and shall be delivered to address above. Payment of one half of the civil money penalty is due not later than September 30, 2009 and the payment of the remaining half is due not later than December 31, 2009.

Plaintiff shall distribute the monies paid by Defendants under this Judgment to the employees identified in Exhibit A attached hereto or their estates if that is necessary. Any money not so paid within three (3) years because of inability to locate said employees or because or their refusal to accept said proceeds shall be deposited forthwith with the Treasurer of the United States pursuant to 28 U.S.C. §2041.

### III

**IT IS FURTHER ORDERED** that if the Defendants fail to make the payments as set forth above, the Court shall appoint a Receiver. Plaintiff shall provide the Court with the names of potential Receivers. The Court may appoint the Receiver from those offered by the Secretary or may appoint another Receiver at its discretion.

Defendants shall produce to the Court appointed Receiver all books and records and any other information the Receiver requires to carry out the provisions of this Judgment. In addition, the Defendants shall submit to a sworn accounting by an independent certified public accountant and/or the Receiver, and shall testify if the accountant or Receiver so decides.

The Receiver shall serve until the payment of the monetary terms of this

Judgment are satisfied. Defendants shall bear the full costs and expenses of the Receiver and any accountant retained pursuant to the terms of the above paragraph.

The Receiver shall have full authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the Defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, to collect it and turn over the proceeds to the Secretary; to analyze all transfers of the Defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment and Order.

## IV

**IT IS FURTHER ORDERED** that the rights of any of the Defendants' employees or ex-employees not specifically mentioned in Exhibit A to this Judgment, to back wages under the Act, are neither affected nor extinguished by this Judgment and neither party to the action intends or contemplates that the Judgment entered in this action will affect such rights if any.

## V

**IT IS FURTHER ORDERED** that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

DATED: May 11, 2009

*[signature]*

JS-6                                   UNITED STATES DISTRICT JUDGE